UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEXTEL WEST CORPORATION,

    Plaintiff,                                              Case No. 07-11159

v.                                                       Honorable John Corbett O'Meara

TOWNSHIP OF SCIO and TOWNSHIP OF
SCIO ZONING BOARD OF APPEALS,

    Defendants.
_____/

## OPINION AND ORDER
## DENYING APPLICANTS' JUNE 11, 2007 MOTION TO INTERVENE

This matter came before the court on the June 11, 2007 motion to intervene filed by 16 property owners who live in Scio Township, Michigan. Plaintiff Nextel West filed a response June 25, 2007; Defendants filed a response also on June 25, 2007; and the proposed interveners ("Applicants") filed a reply July 9, 2007. Oral argument was heard July 24, 2007.

## BACKGROUND FACTS

This lawsuit arose out of plaintiff Nextel West's desire to erect a 150-foot cellular telephone tower in rural Scio Township in Washtenaw County. Nextel applied for a variance from the township's zoning ordinance requiring cell phone towers to be 500 feet from the boundary of any residentially zoned property. Defendant Scio Township denied the variance, and Nextel filed this suit alleging that the zoning ordinance is unconstitutional.

Sixteen residents of Scio Township have filed this motion to intervene in the suit, claiming that Nextel and Scio Township

> have apparently come to an agreement that would allow Nextel to
> build the tower complex in violation of the zoning ordinance *without*

> obtaining a variance. The arrangement appears to be that the Township will not defend this lawsuit and the parties will enter into a consent judgment which would allow Nextel to build the tower complex in this location *in clear and direct violation of the Zoning Ordinance.* In exchange for entering into the consent judgment, Nextel has agreed to give Scio Township a tract of vacant land near the tower complex.

Applicants' brief at 2 (emphasis in original). The homeowners further claim that these "back-room dealings" force individual Township residents to be named as interveners in this lawsuit pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure.

Both Plaintiff and Defendants deny that any consent judgment has been reached in this case, and the Township denies Movants' allegations that it has no intention of defending this action. In addition, both parties content that because none of the sixteen movants lives within 500 feet of the proposed tower location, they have no protectable interests at issue in this lawsuit.

## LAW AND ANALYSIS

Rule 24(a)(2) provides that a motion to intervene may be granted

> when the applicant claims an interest related to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The United States Court of Appeals for the Sixth Circuit has held that four criteria must be met before Rule 24(a)(2) intervention is permitted: 1) the application to intervene must be timely; 2) the applicant must have a "substantial" legal interest in the subject matter of the litigation; 3) absent intervention, the applicant must demonstrate that his/her interest will be impaired or impeded; 4) the applicant must demonstrate that the existing parties to the action inadequately represent his/her interest. Cuyahoga Valley Ry. Co. v. Tracy, 6 F.3d 389, 395 (6th Cir. 1993). Furthermore, the

2

applicant bears the burden of establishing the right to intervene. Bradley v. Milliken, 828 F.2d 1186, 1192 (6th Cir. 1987).

In a similar case involving the placement of a cell phone tower, a district court denied a resident's motion to intervene in a lawsuit brought by a telephone company against a township that had denied the company's request for a variance. New Par v. Lake Township, 2007 WL 128944 (W.D. Mich.). After finding that the motion to intervene was untimely, the court also found that the applicant lacked a substantial legal interest because, among other things, indirect decreases in property value are not sufficient to constitute a substantial legal interest for purposes of Rule 24(a)(2). Id. at *4 (citing Montana v. United States, 137 F.3d 1135, 1142 (9th Cir. 1998).

In addition, the court acknowledged the "presumption of adequate representation that arises when an existing party and the third party seeking to intervene share the same ultimate objective" in finding that the applicant's "ultimate objective appears to be the construction of a wireless tower that conforms to the ordinances of Lake Township." Id. The court further pointed out that "[t]he fact that Defendant settled on terms different than Ms. Smith would have does not negate the adequacy of Defendant's representation." Id. at *5.

In this case, Applicants allege they are local property owners who have a legally protectable interest in this litigation because the construction of the tower will lower their property values, destroy wooded areas, and adversely affect the environment in the surrounding area. These allegations are economic interests involving their own properties in the Township and do not rise to a legally protectable interest to justify intervention. The proposed tower would be located 42 feet from property owned by ITC, a utility company that has already agreed to placement of the tower.

Importantly, the tower would not be within 500 feet of any of the applicants' property. The nearest property owner/applicant is located 686 feet from the proposed site.

Even if the court were to determine that the applicants have a legally protectable interest and that there is a substantial risk that it may be impaired, the existing parties can adequately protect the interests of the applicants. A presumption that government will adequately represent interests "arises when the government is acting on behalf of a constituency that it represents." United States v. City of Los Angeles, 288 F.3d 391, 401-02 (9th Cir. 2002).

Applicants argue that the presumption in this case is invalid because of "back door dealings" between Plaintiff and Township. However, the applicants have failed to offer verified evidence to support such a finding. Even if a consent agreement is ultimately reached in this matter, the fact that the parties settle on terms different from those the applicants would have preferred does not negate the adequacy of the Township's representation of Applicants' interests.

**ORDER**

It is hereby **ORDERED** that Applicants' June 11, 2007 motion to intervene is **DENIED.**

s/John Corbett O'Meara  
United States District Judge

Date: August 13, 2007

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, August 13, 2007, by electronic and/or ordinary mail.

s/William Barkholz  
Case Manager